TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Bobby Rogers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Bobby Rogers,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Virgus & Associates, Inc.,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Bobby Rogers (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Virgus & Associates, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in King George, Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Santa Fe Springs, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or about March 16, 2016, Defendant contacted Plaintiff in an attempt to collect a debt.

12. During a live conversation, Defendant intentionally misrepresented that Plaintiff owed $14,000.00 to the original creditor, and offered to settle the alleged debt for $2700.00.

13. Plaintiff verbally disputed the amount Defendant claimed to be owed, informing Defendant that the alleged debt had been paid.

14. Defendant responded by intentionally misrepresenting that there was a complaint against Plaintiff and provided Plaintiff with a case number: 2015-01092.

15. Defendant then misrepresented that it was attempting to find an attorney to sue Plaintiff in the state of Virginia, obviously contradicting its earlier statement that a complaint already existed.

16. During the conversation, Defendant's agent failed to inform Plaintiff that he was calling to collect a debt as prescribed by 15 U.S.C. § 1692e(11).

17. On or about March 17, 2016, Defendant emailed Plaintiff a letter, which again offered to settle the alleged debt for $2700.00.

18. Defendant's letter failed to inform Plaintiff of his statutory right to dispute the alleged debt, as prescribed by 15 U.S.C. § 1692g.

19. In addition, Defendant's letter overshadowed Plaintiff's right to dispute the alleged debt by stating "Representation of this agreement must be made by March 18, 2016," the very next day.

20. Upon information and belief, the alleged debt is more than five years old, and Defendant is barred from bringing legal action against Plaintiff in the states of California and Virginia by the respective and applicable statutes of limitations.

21. Furthermore, on or about March 18, 2016, Defendant called an associate of Plaintiff and revealed that Plaintiff owes a debt by stating in a voicemail that there was a complaint against Plaintiff and providing a case number for the alleged complaint.

22. Defendant's unlawful actions caused Plaintiff to suffer a significant amount of stress, anxiety, embarrassment and confusion.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

25. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

26. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

27. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

30. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

31. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

32. Defendant's agent communicated with Plaintiff and failed to disclose that he was a debt collector and/or that he was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

33. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. Defendant attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

35. Defendant failed to provide a statement regarding Plaintiff's right to dispute the validity of the alleged debt in its written notice to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(3).

36. Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiff to make an immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

37. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 23, 2016          TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Bobby Rogers